**IT IS ORDERED as set forth below:**



Date: July 4, 2024

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**
Signed as Revised by the Court

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a Aliera Healthcare, Inc., *et al.*,<br><br>Debtors. | **Case No. 21-11548 (TMH)**<br>Currently pending in the U.S. Bankruptcy Court For the District of Delaware |
| ALIERA LT, LLC, AS LIQUIDATING TRUSTEE FOR THE ALIERA COMPANIES, INC. D/B/A ALIERA HEALTHCARE INC., ET AL. and NEIL F. LURIA, IN HIS CAPACITY AS THE TRUSTEE OF THE SHARITY MINISTRIES, INC., LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL PLANS, LLC and THOMAS FERGUSON,<br><br>Defendants. | **Adversary Proceeding No. 24-05031-jrs** |

### ORDER ESTABLISHING MEDIATION PROCEDURES

ACTIVE 699692445v3

Upon the motion (the "Motion") of Plaintiffs Aliera LT, LLC, in its capacity as the Liquidating Trustee ("Trustee") of The Aliera Companies, Inc. *et al.,* (the "Debtors") and Neil F. Luria, in His Capacity as the Trustee of the Sharity Ministries, Inc. Liquidating Trust (collectively with the Trustee, the "Plaintiffs"), for entry of an order (the "Order") establishing procedures in connection with the prosecution of the Avoidance Actions, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the relief requested therein pursuant to 28 U.S.C. § 1334; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409(c); and due, proper, and adequate notice of the Motion and opportunity for objection to and a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the estates, the creditors, and all other parties in interest, including, among others, the above-captioned Defendant; and upon all of the proceedings had before the Court; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

     **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.  The Motion is GRANTED as set forth herein.

2.  Pursuant to Bankruptcy Rule 7016 and section 105(a) of the Bankruptcy Code, the procedures attached hereto as **Schedule 1** (the "Procedures") and incorporated herein by reference are hereby APPROVED in their entirety. All parties to the above-captioned adversary proceeding (the "Avoidance Action") shall be governed by the Procedures effective as of the date of this Order.

ACTIVE 699692445v3

3. The Plaintiffs and the Defendant shall confer regarding the selection of a mediator (the "<u>Mediator</u>"). The parties should consider private mediators, but other Bankruptcy Judges in this district may serve as the Mediator subject to their availability and willingness to serve, which availability and willingness should not be assumed. If the Plaintiffs and the Defendant cannot reach an agreement on the Mediator, then the Judge may appoint a Mediator.

4. Because the Mediator will be serving as the neutral mediator in the Avoidance Action and because the nature of the mediation process requires ex parte contacts and communications between the Mediator and each of the sides, the prohibitions of Bankruptcy Rule 9003 do not apply to communications among the parties, their attorneys, and the Mediator in connection with the mediation. All communications made by the parties or their attorneys to each other or to the Mediator in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including the Mediator's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The Mediator is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

5. The Court or the Mediator, although not required, is authorized to resolve informal discovery disputes that may occur between the parties throughout the course of the Procedures.

6. The time periods set forth in this Order and the Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Plaintiffs are hereby authorized to take such actions as are necessary or appropriate to implement the terms of this Order.

8. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**[END OF ORDER]**

Prepared and presented by:

**GREENBERG TRAURIG, LLP**

  /s/ John D. Elrod
John D. Elrod, Ga. Bar No. 246604
Allison McGregor, Ga. Bar No. 860865
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2259
Facsimile: (678) 553-2269
Email: ElrodJ@gtlaw.com
        Allison.McGregor@gtlaw.com

*Counsel for the Plaintiffs*

4

## **SCHEDULE 1**

### **Mediation Procedures**

The procedures (the "<u>Procedures</u>") governing the Avoidance Actions[1] are as follows:

A. **<u>Application of the Procedures</u>**. The Procedures shall apply to all parties in the Avoidance Actions. The Procedures will not alter, affect, or modify the rights (if any) of any Defendant to seek a jury trial, withdraw reference to the Court, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157. All such rights of each Defendant (if any) shall be preserved unless otherwise agreed to in a responsive pleading.

B. **<u>Waiver of Requirement to Conduct Scheduling Conference</u>**. Federal Rule 26(f) (regarding conference of the parties and planning for discovery), made applicable pursuant to Bankruptcy Rule 7026, is hereby waived and not applicable with respect to the Avoidance Actions. Accordingly, no party to an Avoidance Action shall be required to submit a written report under Federal Rule 26(f).

C. **<u>Waiver of Requirement to Conduct Pretrial Conference.</u>** Federal Rule 16 (regarding pretrial conferences), made applicable pursuant to Bankruptcy Rule 7016, is hereby waived and not applicable with respect to the Avoidance Action. Accordingly, no party to an Avoidance Action shall be required to appear at an initial pretrial conference in connection with an Avoidance Action.

D. **<u>Stay of Discovery</u>**. The parties' obligations to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process is concluded; provided, that the stay of discovery shall in no way preclude, with respect to any Avoidance Action, the Trustee and the applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process.

E. **<u>Mediation.</u>** Any Avoidance Action subject to these Procedures shall be referred to mediation and subject to the following (the "<u>Mediation Process</u>"):

  i. Mediators for Avoidance Action Mediations shall be selected as follows:

   1. If the parties agree upon the Mediator, then they shall submit such mediator for approval by this Court via motion, which will be considered without the necessity of a hearing.

   2. If the parties are unable to agree upon a Mediator within twenty-one (21) days after the entry of the Order, they shall either continue to find one mutually agreeable to the parties or contact the Court through Chambers email.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Order Establishing Mediation Procedures* (the "<u>Order</u>") or the Motion, as applicable.

    ii. Avoidance Action Mediations shall be conducted as follows:

1. Except as otherwise provided in the Order, the Mediator shall control all procedural aspects of the Avoidance Action Mediation, including finalizing dates, times, and locations for conducting sessions of the mediation; requiring the submission of confidential statements; designing and conducting the mediation sessions; and establishing a deadline for the parties to act upon a settlement proposal.

2. Mediations shall take place either in Atlanta, Georgia, at the offices of Greenberg Traurig, LLP, or at a mutually agreeable location[2] on a date agreed to by the mediator and the parties.

3. The parties shall cooperate with the Mediator in the scheduling of the Avoidance Action Mediation and the Mediator shall resolve all scheduling matters.

4. The rules of evidence shall not apply to the Avoidance Action Mediations, except to the extent that Federal Rule of Evidence 408 would preclude the introduction of evidence regarding settlement discussions at a subsequent trial of an Avoidance Action.

5. All parties shall participate in facilitative mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. The mediation shall be attended by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for the Trustee (who must have settlement authority from the Trustee or be accompanied by a Trustee representative with such authority).

6. The Mediator may adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

7. Parties shall share equally in the cost of the Avoidance Action Mediation, including any fees and expenses of the Mediator.

8. Willful failure of a party to attend any Avoidance Action Mediation or any other material violation of the Order, shall be reported to the Court and shall result in the imposition of sanctions by the Court of reimbursement of the non-violating party's fees, costs and expenses, including attorneys' fees, resulting from such violation. Further, upon a notice and a hearing, a party's failure to comply with the Order or these Procedures may result in a default

---

[2] If necessary, and with the agreement of the Mediator, the mediation may be conducted via a video conferencing service (such as Zoom, Microsoft Teams, or Webex).

      judgment.

  iii.  Avoidance Action Mediations shall be concluded as follows:

1. All Avoidance Action Mediations shall be concluded by January 31, 2025. This deadline may be extended by order of the Court upon motion and for good cause.

2. The Mediator shall within fourteen (14) days from the conclusion of an Avoidance Action Mediation file a report, signed by all parties to the Avoidance Action and their counsel, advising the Court whether or not the matter has been settled.

3. If an Avoidance Action Mediation results in a settlement, then the parties shall submit to this Court a stipulation of dismissal of the Avoidance Action pursuant to the terms of the settlement.

4. If any Avoidance Action Mediation fails to result in a settlement, then counsel for the Plaintiffs shall submit a proposed scheduling order and an omnibus status hearing shall be held, pursuant to the Court's Order, no later than February 28, 2025 (the "Omnibus Status Hearing").  At least seven (7) days prior to such Omnibus Status Hearing the parties shall submit a joint report which summarizes the contested factual and legal issues.

5. The stay of discovery shall be lifted following the Omnibus Status Hearing and parties shall proceed with discovery according to the proposed scheduling order, the Bankruptcy Rules, the Local Rules, and any order by the Court at the hearing.

**F. Miscellaneous**

  **i.**  The Bankruptcy Local Rules shall apply to all Avoidance Actions, except that the Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or any other applicable rules and orders of the Court.

  **ii.**  The deadlines contained in the Order and these Procedures may be extended and/or modified by the Court upon written motion and good cause shown or by written consent of the parties, which written consent need not be filed with the Court.

**Distribution List**

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
*Counsel for Defendants*

John D. Elrod
Allison McGregor
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
*Counsel for the Plaintiffs*