## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a Aliera Healthcare, Inc., *et al.*,[1]<br><br>Debtors. | **Case No. 21-11548 (TMH)**<br>Currently pending in the U.S. Bankruptcy<br>Court for the District of Delaware |
| ALIERA LT, LLC, AS LIQUIDATING TRUSTEE FOR THE ALIERA COMPANIES, INC. d/b/a ALIERA HEALTHCARE INC., *et al*., and NEIL F. LURIA, IN HIS CAPACITY AS THE TRUSTEE OF THE SHARITY MINISTRIES, INC. LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL PLANS, LLC and THOMAS FERGUSON,<br><br>Defendants. | **Adversary Proceeding No**. **24-05031-JRS** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants American Medical Plans, LLC and Thomas Ferguson, by and through undersigned counsel, files this answer and affirmative defenses to *Amended Complaint* [ECF No. 7] filed by the Plaintiffs, and respectfully states:

## INTRODUCTION[2]

---

[1] The jointly administered Debtors in these Chapter 11 cases along with the last four digits of their federal tax identification number include: The Aliera Companies Inc. (9555) (Case No. 21-11548), Advevo LLC (6736) (Case No. 22-10124), Ensurian Agency LLC (3244) (Case No. 22-10123), Tactic Edge Solutions LLC (2923) (Case No. 22-10122) and USA Benefits & Administrators LLC (5803) (Case No. 22-10121).

[2] The titles used herein are identical to the titles used by the Plaintiff in the Amended Adversary Complaint and are used for ease of reference and shall not be construed in any manner as an admission. All inferences in or arising from any title are expressly denied.

1

1.     Defendants deny the allegations in paragraph 1.

2.     Defendants are without knowledge as to the allegations in paragraph 2 and therefore the allegations are denied.

3.     Defendants are without knowledge as to the allegations in paragraph 3 and therefore the allegations are denied.

4.     Defendants are without knowledge as to the allegations in paragraph 4 and therefore the allegations are denied.

5.     Defendants deny the allegations in paragraph 5.

**PARTIES, JURISDICTION AND VENUE**

6.     Defendants admits the procedural description of the Aliera bankruptcy case set forth in paragraph 6.  Defendants deny any other allegations contained in paragraph 6.

7.     Defendants admit that the Confirmation Order was entered.  Defendants are without knowledge and therefore denies the remaining allegations in paragraph 7.

8.     Defendants are without knowledge as to the allegations in paragraph 8 and therefore the allegations are denied.

9.     Defendants admit the allegations in paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.  Any applicable written agreement speaks for itself.

12.     Defendants admits that this Court has statutory jurisdiction under 28 U.S.C. §§ 157, 1331, and 1334 to hear this matter.  Defendants deny that this matter is core.

13.    Defendants admit that the Court has subject matter jurisdiction.    Defendant American Medical admits the Court has personal jurisdiction over it. Defendant Ferguson denies that the Court has personal jurisdiction over him.

14.    Defendants deny the allegations in paragraph 14.

15.    Defendants deny that 11 U.S.C. § 105(a) serves a statutory basis for relief. Defendants admit that Counts I through V are based upon 11 U.S.C. § 544.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants consent to the entry of final orders or judgment by the Court.

## BACKGROUND

### I.    Introduction and Overview

17.    Defendants are without knowledge of any of the allegations in paragraph 17 including footnote 4 and therefore deny the same.

18.    Defendants are without knowledge of any of the allegations in paragraph 18 and therefore deny the same.

19.    Defendants are without knowledge of any of the allegations in paragraph 19 and therefore deny the same.

20.    Defendants are without knowledge of any of the allegations in paragraph 20 and therefore deny the same.

21.    Defendants are without knowledge of any of the allegations in paragraph 21 and therefore deny the same.

22.    Defendants are without knowledge of any of the allegations in paragraph 22 and therefore deny the same.

23.     Defendants are without knowledge of any of the allegations in paragraph 23 and therefore deny the same.

24.     Defendants are without knowledge of any of the allegations in paragraph 24 and therefore deny the same.

25.     Defendants are without knowledge of any of the allegations in paragraph 25 and therefore deny the same.

26.     Defendants are without knowledge of any of the allegations in paragraph 26 and therefore deny the same.

27.     Defendants are without knowledge of any of the allegations in paragraph 27 and therefore deny the same.

28.     Defendants are without knowledge of any of the allegations in paragraph 28 and therefore denies the same.

29.     Defendants are without knowledge of any of the allegations in paragraph 29 and therefore deny the same.

30.     Defendants are without knowledge of any of the allegations in paragraph 30 and therefore denies the same.

31.     Defendants are without knowledge of any of the allegations in paragraph 31 and therefore deny the same.

32.     Paragraph 32 is a legal conclusion to which no response is required.  To the extent a response is required to anything in paragraph 32 it is denied.

33.     Defendants are without knowledge of any of the allegations in paragraph 33 and therefore deny the same.

II.    **Aliera Designs, Markets, and Sells Health Care Plans that Function as Health Insurance and Draws Scrutiny from State Regulators.**

34.    Defendants are without knowledge of any of the allegations in paragraph 34 including subparagraphs a. through j., and therefore denies the same.

35.    Defendants are without knowledge of any of the allegations in paragraph 35 and therefore deny the same.

36.    Defendants deny the allegations in paragraph 36, including subparagraphs a. through c.

37.    Defendants deny the allegations in the first sentence of paragraph 37. Defendants are without knowledge of any of the remaining allegations in paragraph 37 and therefore deny the same.

38.    Defendants are without knowledge of any of the allegations in paragraph 38, including subparagraphs a through e, and therefore deny the same.

39.    Defendants are without knowledge of any of the allegations in paragraph 39 including subparagraphs a through e and therefore deny the same.

40.    Defendants are without knowledge of any of the allegations in paragraph 40 and therefore deny the same.

41.    Defendants are without knowledge of any of the allegations in paragraph 41 and therefore deny the same.

42.    Defendants deny the allegations in paragraph 42.

III.    **The Defendants Acted as a Middleman for Aliera, Participating In and Furthering the Fraudulent Scheme.**

43.    Defendants are without knowledge of any of the allegations in paragraph 43 and therefore deny the same.

44.     Defendants admit that on or around August 16, 2016, Aliera and American Medical executed a Call Center Agreement. The Call Center Agreement is a writing with its own legal significance and speaks for itself. Defendants deny all other allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.  The written document speaks for itself.

46.     Defendants deny all other allegations in paragraph 46 including footnote 6.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants are without knowledge of any of the allegations in paragraph 49 and therefore deny the same.

50.     Defendants are without knowledge of any of the allegations in paragraph 50 and therefore deny the same.

51.     Defendants are without knowledge of any of the allegations in paragraph 51 and therefore deny the same.

52.     Defendants deny the allegations in paragraph 52 including footnote 7.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

**IV.     Aliera Restructures Itself to Mask Its Control of Trinity but Maintains Control Over Trinity and Continues to Misrepresent the Plans it Sold.**

58.     Defendants are without knowledge of any of the allegations in paragraph 58 and therefore deny the same.

59.     Defendants are without knowledge of any of the allegations in paragraph 59 and therefore deny the same.

60.     Defendants are without knowledge of any of the allegations in paragraph 60 and therefore deny the same.

61.     Defendants are without knowledge of any of the allegations in paragraph 61 and therefore deny the same.

62.     Defendants are without knowledge as to any allegations in paragraph 62 and therefore the same is denied.

63.     Defendants are without knowledge of any of the allegations in paragraph 63 including subparagraphs a through e and therefore denies the same.

64.     Defendants are without knowledge of any of the allegations in paragraph 64 and therefore deny the same.

65.     Defendants are without knowledge of any of the allegations in paragraph 65 including footnote 8 and therefore deny the same.

66.     Defendants are without knowledge of any of the allegations in paragraph 66 and therefore deny the same.

67.     Defendants are without knowledge of any of the allegations in paragraph 67 and therefore deny the same.

68.     Defendants are without knowledge of any of the allegations in paragraph 68 including footnote 8 and therefore deny the same.

69.     Defendants are without knowledge of any of the allegations in paragraph 69 including footnote 9 and therefore deny the same.

Case 24-05031-jrs   Doc 21   Filed 11/07/24   Entered 11/07/24 15:24:21   Desc Main
Document       Page 8 of 26

70.     Defendants are without knowledge of any of the allegations in paragraph 70 and therefore deny the same.

71.     Defendants are without knowledge of any of the allegations in paragraph 71 and therefore deny the same.

**V.     Trinity Was Created with the Knowledge that It Would Fail and the Defendants Reaped the Benefits of this Fraudulent Scheme.**

72.     Defendants are without knowledge of any of the allegations in paragraph 72 and therefore deny the same.

73.     Defendants are without knowledge of any of the allegations in paragraph 73 and therefore deny the same.

74.     Defendants deny the allegations in paragraph 74 including the description of the e-mails attached as Exhibit A.

75.     Defendants are without knowledge of the allegations in the first sentence of paragraph 75 and therefore deny the same. Defendants deny the remaining allegations in paragraph 75.

76.     Defendants are without knowledge of any of the allegations in paragraph 76 and therefore denies the same.

77.     Defendants are without knowledge of any of the allegations in paragraph 77 and therefore deny the same.

78.     Defendants are without knowledge of any of the allegations related to Aliera's officers and directors in paragraph 78 and therefore deny the same. Defendants deny the remaining allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.      Defendants are without knowledge of any of the allegations in paragraph 80 and therefore deny the same.

81.      Defendants are without knowledge of any of the allegations in paragraph 81 and therefore deny the same.

82.      Defendants are without knowledge of any of the allegations in paragraph 82 and therefore deny the same.

83.      Defendants are without knowledge of any of the allegations in paragraph 83 and therefore deny the same.

**VI.   Aliera's Insolvency**

84.      Defendants are without knowledge of any of the allegations in paragraph 84 and therefore deny the same.

85.      Defendants are without knowledge of any of the allegations in paragraph 85 and therefore deny the same.

86.      Defendants are without knowledge of any of the allegations in paragraph 86 and therefore deny the same.

87.      Defendants are without knowledge of any of the allegations in paragraph 87 and therefore deny the same.

88.      Defendants are without knowledge of any of the allegations in paragraph 88 and therefore deny the same.

89.      Defendants are without knowledge of any of the allegations in paragraph 89 and therefore deny the same.

90.      Defendants are without knowledge of any of the allegations in paragraph 90 and therefore deny the same.

91.     Defendants are without knowledge of any of the allegations in paragraph 91 and therefore deny the same.

92.     Defendants are without knowledge of any of the allegations in paragraph 92 and therefore deny the same.

**VII.     The Defendants' Fraudulent Commission Transfers**

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants are without knowledge of any of the allegations in paragraph 94 including the accuracy of Exhibit B and therefore deny the same.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants are without knowledge of any of the allegations in paragraph 96 and therefore deny the same.

97.     Defendants deny the allegations in paragraph 97.

**CLAIMS FOR RELIEF**

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

**COUNT I:**
**VOIDABLE TRANSFERS AND OBLIGATIONS – CONSTRUCTIVE FRAUD**
(11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a))

100.    Defendants reassert and incorporate by reference its answers to each of the referenced paragraphs as set forth above.

101.    Defendants admits that the claims in Count I are brought pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-75, et seq. Defendants denies the remaining allegation in paragraph 101 including the allegations in footnote 10.

102.    Defendants are without knowledge of any of the allegations in paragraph 102 and therefore deny the same.

103.    Paragraph 103 does not contain any factual allegations to which a response is required.  To the extent anything in paragraph 103 is construed to be a factual allegation it is denied.

104.    Defendants are without knowledge of any of the allegations in paragraph 104 and therefore deny the same.

105.    Paragraph 105 does not contain any factual allegations to which a response is required.  To the extent anything in paragraph 105 is construed to be a factual allegation it is denied.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants are without knowledge of any of the allegations in paragraph 109 and therefore deny the same.

**COUNT II:**
**VOIDABLE TRANSFERS AND OBLIGATIONS – ACTUAL FRAUD**
(11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(1))

110.    Defendants reassert and incorporate by reference its answers to each of the referenced paragraphs as set forth above.

111.    Defendants admits that the claims in Count II are brought pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-74, *et seq*. Defendants denies the remaining allegation in paragraph 111.

112.    Defendants are without knowledge of any of the allegations in paragraph 112 and therefore deny the same.

113.    Defendants are without knowledge of any of the allegations in paragraph 113 and therefore deny the same.

114.    Defendants are without knowledge of any of the allegations in paragraph 114 and therefore deny the same.

115.    Defendants deny the allegations in paragraph 115 and therefore deny the same.

116.    Defendants are without knowledge of any of the allegations in paragraph 116 and therefore deny the same.

117.    Defendants are without knowledge of any of the allegations in paragraph 117 and therefore deny the same.

118.    Defendants deny the allegations in paragraph 118.

119.    Defendants are without knowledge of any of the allegations in paragraph 119 and therefore deny the same.

120.    Defendants deny the allegations in paragraph 120.

121.    Defendants are without knowledge of any of the allegations in paragraph 121 and therefore deny the same.

**COUNT III:**
**VOIDABLE TRANSFERS AND OBLIGATIONS AS TO PRESENT**
**OR FUTURE CREDITORS**
(11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(2))

122.    Defendants reassert and incorporate by reference its answers to each of the referenced paragraphs as set forth above.

123.    Defendants admits that the claims in Count III are brought pursuant to 11 U.S.C. § 544 and O.C.G.A. §§ 18-2-74, *et seq*. Defendants denies the remaining allegation in paragraph 123.

124.    Defendants deny the allegations in paragraph 124.

12

125.     Defendants are without knowledge of any of the allegations in paragraph 125 and therefore deny the same.

126.     Defendants are without knowledge of any of the allegations in paragraph 126 and therefore deny the same.

127.     Defendants are without knowledge of any of the allegations in paragraph 127 and therefore deny the same.

128.     Defendants deny the allegations in paragraph 128.

129.     Defendants are without knowledge of any of the allegations in paragraph 129 and therefore deny the same.

**COUNT IV:**
**RECOVERY OF TRANSFERS**
(11 U.S.C. §550)

130.     Defendants reassert and incorporate by reference its answers to each of the referenced paragraphs as set forth above.

131.     Paragraph 131 does not contain any factual allegations to which a response is required.  To the extent anything in paragraph 131 is construed to be a factual allegation it is denied.

132.     Defendants deny the allegations in paragraph 132.

133.     Defendants deny the allegations in paragraph 133.

134.     Defendants deny the allegations in paragraph 134.

135.     Defendants are without knowledge of any of the allegations in paragraph 135 and therefore deny the same.

136.     Defendants deny the allegations in paragraph 136.

## COUNT V:
## PRESERVATION OF AVOIDED TRANSFERS
(11 U.S.C. § 551)

137.    Defendants reassert and incorporate by reference its answers to each of the referenced paragraphs as set forth above.

138.    Paragraph 138 does not contain any factual allegations to which a response is required.  To the extent anything in paragraph 138 is construed to be a factual allegation it is denied.

139.    Defendants deny the allegations in paragraph 139 and that the Aliera Trustee is entitled to any relief.

## COUNT VI:
## BREACH OF FIDUCIARY DUTY
(The Aliera Trustee Against the Defendant)

140.    Count VI has been dismissed with prejudice and therefore the Defendants are not requires to answer paragraphs 140-149.

## COUNT VII:
## CIVIL CONSPIRACY
(In the Alternative)
(The Aliera Trustee Against the Defendant)

150.    Defendants reassert and incorporate by reference its answers to each of the referenced paragraphs as set forth above.

151.    Defendants deny the allegations in paragraph 151.

152.    Defendants are without knowledge of any of the allegations in paragraph 152 and therefore deny the same.

153.    Defendants deny the allegations in paragraph 153.

154.    Defendants deny the allegations in paragraph 154.

155.    Defendants deny the allegations in paragraph 155.

14

156.     Defendants deny the allegations in paragraph 156.

157.     Defendants deny the allegations in paragraph 157.

158.     Defendants deny the allegations in paragraph 158 and that the Aliera Trustee is
entitled to any relief.

## COUNT VIII:
## GEORGIA RICO
### (The Sharity Trustee Against the Defendants)

159.     Defendants reassert and incorporate by reference its answers to each of the
referenced paragraphs as set forth above.

160.     O.C.G.A. § 16-14-4 speaks for itself.  Defendants deny any allegations in paragraph
160.

161.     Defendants deny the allegations in paragraph 161 including footnote 12.

162.     Defendants deny the allegations in paragraph 162.

163.     Defendants deny the allegations in paragraph 163.

164.     Defendants deny the allegations in paragraph 164.

165.     Defendants deny the allegations in paragraph 165.

166.     Defendants deny the allegations in paragraph 166.

167.     Defendants deny the allegations in paragraph 167.

168.     Defendants deny the allegations in paragraph 168.

169.     Defendants deny the allegations in paragraph 170.

170.     Defendants deny the allegations in paragraph 171.

171.     Defendants deny the allegations in paragraph 172.

172.     Defendants deny the allegations in paragraph 178.

173.     Defendants deny the allegations in paragraph 173.

174.     Defendants deny the allegations in paragraph 174.

175.     Defendants deny the allegations in paragraph 175.

176.     Defendants deny the allegations in paragraph 176.

177.     Defendants deny the allegations in paragraph 177.

178.     Defendants deny the allegations in paragraph 178.

179.     Defendants deny the allegations in paragraph 179.

180.     Defendants deny the allegations in paragraph 180.

181.     Defendants deny the allegations in paragraph 181.

182.     Defendants deny the allegations in paragraph 182 and that the Aliera Trustee is entitled to any relief.

## PRAYER FOR RELIEF

Defendants deny any allegations contained in the prayer for relief and denies that the plaintiffs are entitled to any relief against the Defendant.

## DENIAL OF ALLEGATIONS

Any allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1**

1.     Aliera Trustee fails to state a cause of action on which relief can be granted in Counts I, II, III, IV, and V, because the Aliera Trustee fails to allege that Aliera had an interest in any money received by the Defendant.

2.     The Aliera Trustee identified a transferor, "Aliera" which is defined "Debtor The Aliera Companies, Inc. d/b/a Aliera Healthcare, Inc.," *See Amended Complaint*, pp. 3, ¶ 4 and 27-31, ¶¶ 100-129: the issue is that the allegations in the Amended Complaint consistently contradict

16

themselves and specifically with respect to the avoidance actions, fail to allege that Aliera had an interest in the funds that Trustee seeks to avoid.

3.     The Trustee tries to shoehorn this claim citing *Nordberg v. Sanchez (In re Chase & Sandborn Corp.)*, 813 F.2d 1177, 1181 (11th Cir. 1987), for the proposition that "any funds under the control of the debtor regardless of the source, are properly deemed to be the debtor's property, and any transfers that diminish that property are subject to avoidance." However, the Eleventh Circuit distinguishes between the case law on preferences, on which the *Chase & Sanborne* trustee relies, and fraudulent transfers. *Id*. 1181-1182. The Eleventh Circuit, in finding that the transfers were not subject to the trustee's fraudulent transfer claims, stated:

> For these reasons, we conclude that where a transfer to a noncreditor is challenged as fraudulent, more is necessary to establish the debtor's control over the funds than the simple fact that a third party placed the funds in an account of the debtor with no express restrictions on their use. In determining whether the debtor had control of funds transferred to a noncreditor, the court must look beyond the particular transfers in question to the entire circumstance of the transactions.

> Here, the circumstances of the transactions clearly demonstrate that the debtor corporation did not control the funds transferred to defendant Sanchez. The source of the funds was the personal loan obtained by Duque from the Arab National Bank. Their eventual use was to repay the loan obtained for Duque by Londono from the City National Bank. Between these ends, the transfer was part of a larger, complicated scheme involving numerous transactions among several corporate entities in Duque's then-fading financial empire. In this context, the actual connection between the funds and the debtor was quite tangential: a two-day layover in a special account then only recently opened and soon thereafter closed. The account, moreover, was opened under a name that the debtor no longer used.

> In light of these facts, neither the use by the debtor of some of the funds for its own purposes nor the fact that the debtor's president ordered the transfer can overcome the overwhelming evidence that Duque, not Chase & Sanborn, controlled the transfer at issue. Accordingly, we conclude that the funds were not the property of the debtor, and thus that the transfer is not avoidable. To conclude otherwise would confer on the creditors a windfall at the expense of the named defendants who, as the creditor trustee admits, were innocent of any intent to diminish the assets of the debtor.

*In re Chase & Sanborn, Inc.*, 813 F.2d at 1181-1182.  Here, the Trustee does not even allege that the funds transferred came into an account in which Aliera had any ownership interest.

4.      However, as pointed out in the Motion to Dismiss, the Amended Complaint alleges "Aliera…was…pulling the Members' funds out of Unity's/Sharity Sharebox account to pay administrative costs, including unreasonably high commission payments to the Defendant." *Amended Complaint*, pp. 2-3, ¶ 3.  This is consistent with other allegations in the Amended Complaint.  And, while the Trustee did not take the position in this Response, the has relied on the allegation that "Aliera was listed as an authorized signatory, and was authorized to make payments from, each and all bank accounts opened **in Trinity's name**[,]"*Amended Complaint*, p. 9, ¶ 30 (emphasis added), which, in fact, supports the Defendants' argument that the Amended Complaint does not sufficiently allege that Aliera had any interest in the funds transferred to the Debtor.

5.      The Trustee's well-pled allegations are not that Aliera was a joint owner of the account, but simply an authorized signatory on the account.  Aliera did not have any interest in the funds in Sharity (Trinity's) name.

6.      If any party was going to bring an avoidance claim for funds transferred out of Sharity's account, it should have been the Sharity Trustee.  However, the deadline for Sharity to have brought such claim was July 8, 2023.

7.      This is consistent that it was not Aliera's funds being transferred.

8.      The Trustee then references the 2018 Agreement, without attaching it, and quotes various portions, none of which grant Aliera any interest in Sharity's Member Payments.  *Amended Complaint*, p. 10, ¶ 33.  The Trustee continues "that all [Sharity] Member "contributions" payments were to be made directly to Aliera," which Aliera then allocated pursuant to various pre-existing contractual obligations, commissions and "substantial additional administrative fees,"

with the balance being placed in the Sharebox. *Id*. at pp. 10-11, ¶ 34. Despite the lack of any factual allegation that the 2018 Agreement or the Subsidiary Agreements, *Id*. at p. 22, ¶ 71 (a)–(e), actually creating any interest in the Sharity Member payments the Trustee concludes that Aliera was granted "control over and interest in payments made by the Members…" *Amended Complaint*, at ¶ 73.

9.      Such conclusory allegations which are refuted by the factual allegations in the Amended Complaint do not support the Trustee's claims for avoiding and recovering the transfers at issue in this Amended Complaint. As this Court is fully aware, unsupported, conclusory allegations are not accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (c*iting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)).

10.     There are no well-pled factual allegations to support the Trustee's conclusion that Aliera had control over or an interest in the Sharity Members' funds rendering the case law relied on by the Trustee is inapposite to the pleading before the Court. The Trustee's position is contradicted by his own allegations; Aliera is not the transferor.

**Affirmative Defense No. 2**

11.     Aliera Trustee fails to state a cause of action on which relief can be granted in Counts I, II, III, IV, and V, to avoid the "Obligations" because the obligations were incurred outside the four years immediately preceding the Petition Date. According to the Amended Complaint, the obligations were incurred on August 16, 2016, *Amended Complaint*, ¶¶ 44 and 46, which is more than four years prior to the December 3, 2021, involuntary petition, the December 21, 2021, voluntary petition date, or February 16, 2022, order for relief.

12.    Accordingly, the claims in Counts I, II, and III were barred by the statute or limitations and cannot be avoided under Georgia's Uniform Fraudulent Transfer Act and not subject to recovery under 11 U.S.C. § 550 or preservation under 11 U.S.C. § 551.

**Affirmative Defense No. 3**

13.    The Aliera Trustee failed to state a cause of action upon which relief can be granted because the Aliera Trustee is required to identify the "golden creditor."  To assert a claim under 11 U.S.C. § 544(b), "[t]he Trustee must identify by name at least one creditor with an allowable unsecured claim that could have sought avoidance of the transfer in question under [applicable] law."  *In re Rollaguard Security, LLC*, 570 B.R. 859, 861-62 (Bankr. S.D. Fla. 2017) (internal citations omitted).

14.    The Aliera Trustee fails to identify a "golden creditor" by name.

15.    The Aliera Trustee only identifies Dean Mellom as a creditor prior to the date of the Transfers and points to litigation in the State of Washington, *Amended Complaint* ¶ 96. The Aliera Trustee does not allege that Dean Mellom has "an allowable unsecured claim that could have sought avoidance of the transfer in question under [Georgia] law."

16.    In counts I, II, and III of the Amended Complaint, the Aliera Trustee improperly make general statements that "Aliera has one or more creditors for whom the Aliera Trustee can act…"

17.    Accordingly, the Aliera Trustee fails to state all of the elements necessary for bringing the fraudulent transfer claims in Counts I, II, or III.

**Affirmative Defense No. 4**

18.    The Aliera Trustee lacks standing to bring the Georgia common law tort claims for civil conspiracy and aiding and abetting breach of fiduciary duty against Defendants. To have

standing a trustee must plead at least a "general claim," such as the misappropriation of funds from the debtor. *In re Plaza Mortg. & Fin. Corp.*, 187 B.R. 37, 43 (Bankr. N.D. Ga. 1995) ("[i]t is the removal of assets that damaged the debtor, and the trustee has standing to sue for this type of injury.") and "not to plead a recovery based on any injury to the investors/creditors, even [if] the fraud on the [creditors] will be a part of the background allegations." *Id*. at 44.

19.     The Amended Complaint alleges a single "pool" of money from which any of the alleged "looting" by the Insiders could have taken place but predicates both Sharity Trustee's Georgia Civil RICO claim and the Aliera Trustee's common law tort claims on the Insider's looting of these same funds.  The positions of the Plaintiffs are therefore mutually exclusive.

20.     To the extent the money allegedly misappropriated is Sharity's money, the Aliera Trustee lacks standing to bring the Georgia common law tort claims for civil conspiracy and aiding and abetting breach of fiduciary duty against Defendants as Aliera did not suffer an injury and therefore there is nothing this Court can redress.

**Affirmative Defense No. 5**

21.     The Sharity Trustee lacks standing to bring the Georgia Civil RICO claims against the Defendant.

22.     To the extent this law remains good law, which defendants dispute, to have standing a trustee must plead at least a "general claim," such as the misappropriation of funds from the debtor. *In re Plaza Mortg. & Fin. Corp.*, 187 B.R. at 43 ("[i]t is the removal of assets that damaged the debtor, and the trustee has standing to sue for this type of injury.") and "not to plead a recovery based on any injury to the investors/creditors, even [if] the fraud on the [creditors] will be a part of the background allegations." *Id*. at 44.

23.     The Georgia Civil RICO claim is based upon alleged "insurance fraud" and "mail and wire fraud), *Amended Complaint*, ¶¶ 159 through 182, which actions are directed at the Sharity's members, not Sharity.  It is not the Insider's alleged looting of the funds that gives rise to the Georgia Civil RICO claim.  This is exactly what the Honorable Joyce Bihary warned against in *Plaza Mortg. & Fin. Corp.*, 187 B.R. 43-44.

24.     Furthermore, there are no allegations in the Amended Complaint that **all** of Sharity's creditors would have standing to bring a claim under Georgia's RICO laws.

**Affirmative Defense No. 6**

25.     Neither of the Plaintiffs have standing to bring any common law tort claims. Notwithstanding the holding in *Baillie Lumber Co. v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d. 1315 (11th Cir. 2004), pre-dates the Supreme Court's decision in *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) which holds that bankruptcy courts cannot contravene the specific statutory provisions of the Bankruptcy Code.  Section 541 of the Bankruptcy Code limits property of the estate to legal or equitable interests of the debtor in property as set forth in subsection (a).  11 U.S.C. § 541(a).  Nothing in § 541(a) says "claims general to all creditors."

26.     Likewise, the authority under § 544 is limited to "to give a trustee the power of a hypothetical lien creditor to avoid transfers of and liens on the debtor's property when the trustee cannot prevent them under other sections of the bankruptcy code." *See Icarus Holdings, LLC*, 391 F.3d at 1319 n. 4.  Section 544 does not give a trustee carte blanche standing to assert claims of creditors.

27.     Accordingly, the Eleventh Circuit's holding in *Icarus Holding* is effectively overruled by *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 188 L. Ed. 2d 146, and the Plaintiffs lack standing to bring the tort claims against the Defendant.

**Affirmative Defense No. 7**

28.     The Plaintiff's tort claims are barred by the doctrine of *in pari delicto*. Both Sharity and Aliera were formed for the express purpose of committing the alleged fraud.

29.     The entirety of the Amended Complaint is that Trinity/Sharity and the Aliera Debtors could never have qualified as a HCSM or issued plans to consumer members.

**Affirmative Defense No. 8**

30.     The Plaintiffs have failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case of actual fraud under the applicable provisions of the Bankruptcy Code and Georgia state law, and by this failure has failed to state a claim upon which relief may be granted.

**Affirmative Defense No. 9**

31.     To the extent that the Defendant received any of the Transfers identified in the Amended Complaint, Defendant provided, and Aliera, the Debtors, and/or Sharity received reasonably equivalent value in exchange for such transfers.

**Affirmative Defense No. 10**

32.     To the extent that Defendant received any of the transfers identified in the Amended Complaint, Defendant took, and/or the Debtor received, value or equivalent value, and in good faith, and therefore the transfers identified in the Amended Complaint are not voidable and/or Defendant may retain any interest transferred to the extent of such value.

**Affirmative Defense No. 11**

33.     To the extent that Defendant received any of the transfers identified in the Amended Complaint and Defendant was not the initial transferee, Plaintiffs cannot recover from Defendant because Defendant took the transfers identified in the Amended Complaint for value (the satisfaction of a debt) and in good faith.

**Affirmative Defense No. 12**

34.     To the extent the Defendant received any of the Transfers identified in the Amended Complaint, Defendant was a conduit.

**Affirmative Defense No. 13**

35.     The relief requested in the Amended Complaint should be denied because the alleged damages, if any, were caused by the acts and omissions of one or more third persons or parties over whom Defendant had no control.

**Affirmative Defense No. 14**

36.     The Aliera Trustee's Civil Conspiracy claim fails because Aliera Trustee fails to allege an underlying tort.

**Affirmative Defense No. 15**

37.     The Sharity Trustee failed to state a cause of action under Georgia's Civil RICO Act, because the Allegations in the Amended Complaint do not satisfy the strict pleading standard of Fed. R. Civ. P. 9(b), which are based on insurance, mail, and wire fraud. *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity."). In order satisfy Rule 9(b), a civil RICO claim must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3)

the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud. *Id*. at 1316-17 (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

**Affirmative Defense No. 16**

38.      Defendant is an innocent vendor that provided services at market rates.  Defendant acted at all times reasonably, in good faith and in accordance with its contractual and legal obligations.

**Affirmative Defense No. 17**

39.      The claims asserted in the Amended Complaint are barred by the doctrines of estoppel, unclean hands, and laches.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery.  Defendants also reserve the right to amend or supplement the Answer based upon further formal or informal discovery and/or in response to any amendments or supplements to the Amended Complaint by Plaintiff, and for any such amendments or supplements to the Answer relate back to the original Answer.


Remainder of Page Intentionally Left Blank

Dated: November 7, 2024
Boca Raton, Florida

> FURR AND COHEN, P.A.
> 2255 Glades Road, Suite 419A
> Boca Raton, FL 33431
> (561) 395-0500/Fax: 561-338-7532
>
> By: */s/ Robert C. Furr*
>     Robert C. Furr
>     Georgia Bar No. 280975
>     Email: rfurr@furrcohen.com
>     Jason S. Rigoli
>     Email: jrigoli@furrcohen.com
>     *Admitted Pro Hac Vice*
>
> *Attorneys for Defendants American
> Medical Plans, LLC and Thomas
> Ferguson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served on all parties registered with CM/ECF to receive electronic notice in this case on this 7th day of November 2024.

> BY:   */s/ Robert C. Furr*
>         Robert C. Furr, Esq.